08-3174-ag
Tian v. Holder

BIA
Videla, IJ
A079 683 166

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of January, two thousand ten.

PRESENT:
>          RALPH K. WINTER,
>          PIERRE N. LEVAL,
>          JOSÉ A. CABRANES,
>               *Circuit Judges*.

_____

ZHI YUNG TIAN,
>          *Petitioner*,

>          v.                                    08-3174-ag
>                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
>          *Respondent*.

_____

_____

    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**      **Michael Brown, New York, New York.**

**FOR RESPONDENT:**      **Michael F. Hertz, Assistant Attorney General; Terri J. Scadron, Assistant Director; Wendy Benner-León, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Yung Tian, a native and citizen of the People's Republic of China, seeks review of a June 5, 2008 order of the BIA, affirming the August 12, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Yung Tian*, No. A079 683 166 (B.I.A. June 5, 2008), *aff'g* No. A079 683 166 (Immig. Ct. N.Y. City Aug. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). We review *de*

2

*novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The only issue before us in this case is whether the agency's adverse credibility determination was supported by substantial evidence. The agency found that Tian failed to demonstrate that he was eligible for asylum or withholding of removal based on past persecution. Tian claimed that he was detained, beaten, and fined for violating the family planning policy. Tian waived any challenge to the agency's denial of his applications for asylum and withholding of removal based on his claimed fear of future persecution for failing to pay an outstanding family planning fine. His conclusory argument fails to challenge the agency's finding that he failed to demonstrate such a fear of persecution when his wife remained unharmed in China for several years despite their alleged outstanding family planning fine. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). In addition, Tian abandoned any challenge to the agency's finding that he did not demonstrate his eligibility for CAT relief by failing to raise any such challenge in his brief.

Substantial evidence supports the agency's finding that

Tian was not credible as to his claim that he suffered persecution when he was detained, beaten, and fined for having violated the family planning policy.  In finding him not credible, the IJ reasonably relied on the implausibility of Tian's assertion that his wife returned home from hiding to attend mandatory family planning examinations as well as his confusing testimony regarding family planning officials' discovery of the birth of his second daughter.  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007); *see also Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir. 2008).

The IJ also reasonably found Tian not credible based in part on the inconsistency between his statement in his initial asylum application that his wife had been forcibly aborted and his amended application and subsequent testimony that his wife had not suffered such harm.  *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158-60 (2d Cir. 2006).  In fact, Tian testified under oath that he was familiar with the contents of his initial application for asylum and that every statement in that application was correct and true.  Tian further admitted that the statement in his initial asylum application that his wife had been forced to have an abortion was read back to him by his attorney and that he had not indicated that such fact was incorrect.  In

4

addition, contrary to Tian's argument, the record does not indicate that the IJ erred in finding his attempted amendment of his application belated because he waited almost two years to file such correction.

In finding him not credible, the IJ also reasonably relied on Tian's failure to submit sufficient evidence corroborating his claim that family planning officials had detained and beaten him for not paying a fine. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that an applicant's failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question); *see also Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 633-34 (2d Cir. 2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379. Thus, the agency reasonably denied Tian's applications for asylum and withholding of removal insofar as they were based on his claim that he had suffered past persecution when he was detained and beaten for violating the family planning policy. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.

5

2006) (recognizing that a withholding of removal claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk